UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMATHA J. VINCENT,

    Plaintiff;

v.                                    Case No.:

MANATEE COUNTY BOARD
OF COUNTY COMMISSIONERS,

a Florida Municipality;

    Defendant.
_____/

## COMPLAINT

Plaintiff, Tamatha J. Vincent, by and through her undersigned counsel, complains against Defendant, Manatee County Board of County Commissioners (hereinafter, "Defendant"), a Florida Municipality and employer as defined in the state of Florida, and states as follows in support thereof:

## NATURE OF THE ACTION

1. This is a proceeding for reinstatement, damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. (hereinafter "ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. (FMLA) as well as the Florida Civil Rights Act, Florida Statutes § 760 et seq.

## PARTIES

1

2. Tamatha J. Vincent, age 43, is an individual residing in Manatee County, Florida. She is a citizen of the United States and a resident of the state of Florida. Plaintiff is person entitled to protection pursuant to the provisions of the ADA, FMLA and Florida Civil Rights Act.

3. At all relevant times, Plaintiff Tamatha J. Vincent was an employee of Defendant.

4. On information and belief, Defendant is a Florida Municipality with its principal place of business in Bradenton, Manatee County, Florida.

5. At all times relevant to the allegations in this Complaint, Defendant operated from a facility in Manatee County, Florida.

6. Defendant is engaged in providing emergency services such as EMT, Paramedic and firefighting.

7. At all relevant times, Defendant employed more than 50 people. Defendant was the employer of Plaintiff Tamatha J. Vincent within the meaning of 29 U.S.C. § 2611(4)(a) at all times relevant to this action. Furthermore, Defendant was the "employer" of Plaintiff Tamatha J. Vincent within the meaning of 29 U.S.C. § 2611(4)(a) and 42 U.S.C. § 12102(5)(A).

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADA. This Honorable Court has jurisdiction over this matter pursuant to 28 U.SC. §§1331, 1343 (3) & (4) and 42 U.S.C. §§1983 and 1988 as this case arises under the equal protection clause of the Fourteenth Amendment to the United

States Constitution. The jurisdiction of the Court over this controversy is further invoked pursuant to the provisions of 29 U.S.C. § 1331, 29 U.S.C. § 2617, 29 U.S.C. § 1343 (a) (4), 42 U.S.C. § 12117(a).

9. The Tampa District Court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

10. The unlawful employment practices alleged below were within the state of Florida, Manatee County. Accordingly, venue lies in the United States District Court for the Middle District of Florida, Tampa Division under 29 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Concurrent with filing this action, Plaintiff Tamatha J. Vincent timely filed her written charge under oath asserting disability discrimination with the Equal Employment Opportunity Commission (EEOC) within the appropriate number of days by filing concurrently with the Florida Commission on Human Relations (FCHR). A copy of said charge is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regretfully anticipates said EEOC will fail to effect voluntary compliance with the requirements of the ADA on the part of said Defendant through conciliation, conference and persuasion. Plaintiff also filed concurrently with the FCHR in conformity with the law. Further, Plaintiff's counsel provided notice to defendant pursuant to F.S. 768.28. That notice is also attached hereto and incorporated herein as part of Exhibit "A."

## STATEMENT OF FACTS

12. Plaintiff Tamatha J. Vincent's employment background includes almost 19 years of emeregency medical and firefighting experience with Defendant and other employers. She began empoyment with Defendant August 4, 1997.

13. At the time of the termination of her employment, Plaintiff Tamatha J. Vincent was employed by Defendant at its EMS Division Manatee County, Florida location.

14. In approxamtely June 27, 2004, Plaintiff Tamatha J. Vincent was abandoned by her male assigned partner and fire department employee while she was in a burning building.

15. Plaintiff Tamatha J. Vincent left the fire medic program in 2005 when harassment for filing a complaint continued to get worse.

16. Her pay was subsequently reduced.

17. During this time, Plaintiff Tamatha J. Vincent availed herself of counsel. She was harassed by co-workers and administrative staff.

18. More recently, in 2011, a former lieutenant from that time was made Plaintiff Tamatha J. Vincent's captain/supervisor.

19. This captain, Cathy Peel, retaliated against Plaintiff Tamatha J. Vincent, leading to her termination.

20. Throughout her employment with Defendant, Plaintiff Tamatha J. Vincent met and/or exceeded Defendant's expectations.

21. On or about July 20, 2012 Defendant informed Plaintiff Tamatha J. Vincent it terminated her employment. While she should have been allowed to to continue her employment, she was terminated.

22. Any reason or reasons for terminating Plaintiff Tamatha J. Vincent were pretextual. All her illness issues were documented for FMLA purposes. Her disabilities include: Irritable Bowel Syndrome, ulcerative colitis, Chronic Obtrusive Pulmonary Disease and severe allergies. Plaintiff carries an EPI pen and Benadryl at all times. One of the major triggers of IBS is stress which was exacerbated by harassment by Defendant's agents. Plaintiff was told she was not allowed to call in sick unless related to pre-approved FMLA on or about October 2011. Around this time, Plaintiff Tamatha Vincent was told by a superior she probably would not be employed until her retirement in ten years' time.

23. Plaintiff Tamatha J, Vincent called in she was unable to report while on medication she had to take on or about July 8, 2012 due to an allergic reaction. She followed instructions and county policy when doing this. She was not allowed to drive county vehicles or perform her job while on this medication.

24. The effects of this medication only last a few hours. Plaintiff Tamatha J. Vincent informed her supervisor of this temporary condition immediately, per county policy and was terminated anyway.

25. After Defendant terminated Plaintiff Tamatha J. Vincent, it reassigned her job functions, responsibilities and accounts to another employee(s).

26. Plaintiff Tamatha J. Vincent had absences due to disability/illness.

## STATEMENT OF CLAIMS

## COUNT I: RETALIATION

27. Plaintiff Tamatha J. Vincent realleges and incorporates in this Count I paragraphs 1 through 26.

28. Plaintiff Tamatha J. Vincent complained to Defendant of unfair treatment related to her disabilities.

29. Plaintiff Tamatha J. Vincent's employment was terminated by Defendant on or about July 20, 2012.

30. Defendant refused to retain Plaintiff Tamatha J. Vincent.

31. Defendant's refusal to retain Plaintiff Tamatha J. Vincent was in retaliation against Plaintiff Tamatha J. Vincent.

## COUNT II: DISABILITY DISCRIMINATION

32. Plaintiff Tamatha J. Vincent restates, realleges and revers and hereby incorporates by reference any and all allegations of paragraphs 1 through 26, inclusive, herein.

33. Plaintiff Tamatha J. Vincent alleges that Defendant unlawfully and discriminatorily terminated Plaintiff Tamatha J. Vincent' employment on account of her disability in violation of the laws of the state of Florida, Florida Civil Rights Act, Florida Statutes § 760 et seq., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said defendant.

### COUNT III: DISABILITY DISCRIMINATION

34. Plaintiff Tamatha J. Vincent reavers and incorporates by reference all of the allegations set forth in paragraphs 1 through 26 herein.

35. Plaintiff Tamatha J. Vincent's disabilities were a determining factor in Defendant's decision to terminate her.

36. Defendant knowingly and willfully discriminated against Plaintiff Tamatha J. Vincent on the basis of her disabilities in violation of the ADA. In addition, she avers that Defendant's unlawful and discriminatory termination of her employment on account of her diability violates the provisions of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., justifying an award, inter alia, of backpay, front pay, benefits and compensatory and liquidated damages against Defendant.

### IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff Tamatha J. Vincent realleges and incorporates in this Count IV paragraphs 1 through 26.

38. Defendant's conduct toward Plaintiff Tamatha J. Vincent was intentional or reckless. Defendant's agents intended their behavior when they knew or should have known that emotional distress would likely result.

39. The conduct in fact caused emotional distress and the emotional distress was severe.

### COUNT V: VIOLATION OF FMLA

40. Plaintiff Tamatha J. Vincent restates, realleges and revers and hereby incorporates by reference any and all allegations of paragraphs 1 through 26, inclusive, herein. In addition, plaintiff Tamatha J. Vincent alleges that defendant unlawfully and discriminatorily terminated plaintiff's employment on account of her disability or disabilities and said actions violate the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq., justifying an award, inter alia, of back pay, interest, special damages, and any and all other damages she is entitled to under law against defendant.

## DAMAGES

41. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff Tamatha J. Vincent has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## INJUNCTIVE RELIEF

42. Plaintiff Tamatha J. Vincent restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs 1 through 26, inclusive, herein. In addition, Plaintiff Tamatha J. Vincent alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force to Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Tamatha J. Vincent respectfully prays for judgment against Defendant as follows:

A. For a money judgment representing compensatory damages, including, lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B. For a money judgment representing punitive damages for Defendant's willful violations of law; liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b);

C. For a money judgment representing prejudgment interest, if applicable;

D. Reinstatement and restoration of benefits upon conditions that Plaintiff Tamatha J. Vincent and supervisors be enjoined to comply with the law.

E. That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable provisions;

F. For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, medical expenses, and loss of retirement benefits;

G. For suit costs, including an award for reasonable attorney's fees, expert fees; and for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff Tamatha J. Vincent herein demands a trial by jury of all issues in this action.

Dated this 6th day of June, 2013.

_____
Kevin F. Sanderson, Esq.
Florida Bar No. 598488
KEVIN F. SANDERSON, CHARTERED
690 South Tamiami Trail
Osprey, Florida 34229
Tel: (941) 244-0468
Fax: (941) 445-4716
kevin@srqattorney.com
Trial Attorney for Tamatha J. Vincent